**[J-26A-2018 and J-26B-2018] [MO: Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| PITTSBURGH HISTORY AND LANDMARKS FOUNDATION, A PENNSYLVANIA NON-PROFIT CORPORATION; LANDMARKS FINANCIAL CORPORATION, A PENNSYLVANIA NON-PROFIT CORPORATION; HENRY P. HOFFSTOT, JR.; DAVID E. BARENSFELD; PETER H. STEPHAICH; PATRICK R. WALLACE; ALEXANDER SPEYER; AND HENRY P. HOFFSTOT, III | : : : : : : : : : : : : | No. 53 WAP 2017<br><br>Appeal from the Order of the Commonwealth Court entered April 21, 2017 at No. 113 CD 2016, vacating the Order of the Court of Common Pleas of Allegheny County entered September 21, 2015 at No. GD 13-23355, and remanding.<br><br>ARGUED:  April 11, 2018 |
| v. | : : : : : | |
| ARTHUR P. ZIEGLER, JR.; MARK S. BIBRO; JACK R. NORRIS; PITTSBURGH HISTORY AND LANDMARKS FOUNDATION, A PENNSYLVANIA NON-PROFIT CORPORATION; AND LANDMARKS FINANCIAL CORPORATION, A PENNSYLVANIA NON-PROFIT CORPORATION | : : : : : : : : : : : : : | |
| APPEAL OF: ARTHUR P. ZIEGLER JR., MARK S. BIBRO, JACK R. NORRIS, PITTSBURGH HISTORY AND LANDMARKS FOUNDATION AND LANDMARKS FINANCIAL CORPORATION | : : : : : : : | |
| PITTSBURGH HISTORY AND LANDMARKS FOUNDATION, A PENNSYLVANIA NON-PROFIT CORPORATION; LANDMARKS FINANCIAL CORPORATION, A PENNSYLVANIA NON-PROFIT CORPORATION; HENRY P. HOFFSTOT, JR.; DAVID E. BARENSFELD; PETER H. | : : : : : : : : : | No. 54 WAP 2017<br><br>Appeal from the Order of the Commonwealth Court entered April 21, 2017 at No. 113 CD 2016, vacating the Order of the Court of Common Pleas of Allegheny County |

STEPHAICH; PATRICK R. WALLACE; : entered September 21, 2015 at No.
ALEXANDER SPEYER; AND HENRY P. : GD 13-23355, and remanding.
HOFFSTOT, III :
: ARGUED: April 11, 2018
:
           v.                       :
                                    :
                                    :
ARTHUR P. ZIEGLER, JR.; MARK S. :
BIBRO; JACK R. NORRIS; PITTSBURGH :
HISTORY AND LANDMARKS :
FOUNDATION, A PENNSYLVANIA NON- :
PROFIT CORPORATION; AND :
LANDMARKS FINANCIAL :
CORPORATION, A PENNSYLVANIA :
NON-PROFIT CORPORATION :
                                    :
                                    :
APPEAL OF: HENRY P. HOFFSTOT, JR.; :
DAVID E. BARENSFELD; PETER H. :
STEPHAICH; PATRICK R. WALLACE; :
ALEXANDER SPEYER; AND HENRY P. :
HOFFSTOT, III :


## CONCURRING AND DISSENTING OPINION


**JUSTICE MUNDY**                     **DECIDED: JANUARY 23, 2019**

Because I would confine the analysis to the scope of discovery permitted in proceedings on a corporation's motion to dismiss a derivative action, I dissent.

Here, Derivative Plaintiffs filed their complaint on December 13, 2013, before the Independent Investigating Committee (IIC) issued its recommendation on whether it was in the Foundation's and the Corporation's best interest to pursue derivative litigation. On March 3, 2014, the trial court denied the Foundation's and the Corporation's motion to stay, even though the IIC had not completed its report.[1] On April 6, 2015, the Foundation

---

[1] This is contrary to the procedure contemplated by Section 7.06 of the ALI Principles of Corporate Governance, which this Court adopted in *Cuker v. Mikalauskas*, 692 A.2d 1042

and Corporation filed a motion to dismiss the derivative claims based on the IIC's report. While that motion was pending, the Derivative Plaintiffs filed the motion to compel production on June 4, 2015. Therein, Derivative Plaintiffs sought discovery of both materials provided to and generated by the IIC and materials contemporaneous with the reorganization of the boards, including materials purportedly protected by the attorney-client privilege.

At the motion to dismiss stage in derivative litigation, the scope of discovery is limited to the board's decision not to pursue the derivative action. In *Cuker v. Mikalauskas*, 692 A.2d 1042 (Pa. 1997), this Court established that a corporation's decision in response to a shareholder demand to pursue a derivative action is a business decision subject to narrow judicial review. *Cuker*, 692 A.2d at 1048. Pursuant to the business judgment rule, a court's review of a corporation's decision not to pursue derivative actions is limited to the circumstances surrounding the board of directors' decision to terminate litigation. *Id.* "Without considering the merits of the action, a court should determine the validity of the board's decision to terminate the litigation; if that decision was made in accordance with the appropriate standards, then the court should dismiss the derivative action prior to litigation on the merits." *Id.*

In order to evaluate the board's decision, the *Cuker* Court set forth the following factors: "whether the board or its special litigation committee was disinterested, whether it was assisted by counsel, whether it prepared a written report, whether it was independent, whether it conducted an adequate investigation, and whether it rationally

---

(Pa. 1997). *See ALI Principles of Corporate Governance* § 7.06 (providing "[i]n the absence of special circumstances, the court should stay discovery and all further proceedings by the plaintiff in a derivative action on the motion of the corporation and upon such conditions as the court deems appropriate pending the court's determination of any motion made by the corporation under § 7.04(a)(2) [dismissal based on the IIC's recommendation] . . . .").

believed its decision was in the best interests of the corporation (i.e., acted in good faith)." *Id.* If the board's decision falls under the business judgment rule, "the court will never proceed to an examination of the merits of the challenged decisions, for that is precisely what the business judgment rule prohibits." *Id.* (noting further that a court may stay the derivative action while it assesses the board's decision to terminate it). The *Cuker* Court explained these considerations and procedures related to derivative actions are established in the ALI Principles of Corporate Governance Sections 7.02-7.10 and 7.13, which the Court adopted as consistent with Pennsylvania law. *Id.* at 1049.

Section 7.13 of the ALI Principles provides that when the corporation, in support of a motion to dismiss a derivative action, submits to the court an independent investigating committee's report and recommendation that contains the legal opinions of the committee's counsel, it must disclose those legal opinions to plaintiff's counsel. *ALI Principles of Corporate Governance* § 7.13(a), (e). The comment to subsection 7.13(e) explains the rationale of this rule:

> [I]t would be unfair if the board or committee could rely on legal advice from its counsel that the action was not meritorious as a ground for dismissing the action and then deny plaintiff access to the substance of that advice. Accordingly, § 7.13(e) requires the disclosure of any formal opinion (including an oral opinion summarizing written advice) or other written legal advice given by counsel to the board or to the committee with regard to the action if any legal opinion is tendered to the court. The decision belongs to the corporation whether to submit such an opinion to the court, but once one is tendered, all other formal legal opinions (including those in draft or oral form) given to the board or committee and pertaining to the same general subject matter must be given to the plaintiff. This rule is intended to discourage opinion shopping without chilling the board's or committee's access to confidential legal advice. Otherwise, absent special circumstances, the plaintiff should not be

> permitted to depose the counsel or to reconstruct the dialogue between the board or the committee and its counsel.

*ALI Principles* § 7.13 cmt. e. Importantly, neither *Cuker* nor Section 7.13 requires the disclosure of privileged materials related to the underlying events giving rise to the derivative claims.[2]

Despite these limitations on the scope of discovery available to derivative plaintiffs in proceedings on a corporation's motion to dismiss the derivative action, the Majority considers whether we should recognize a qualified attorney-client privilege in derivative actions, based on *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), discussed in comment e to Section 7.13. The *Garner* Court held that the attorney-client privilege for materials that were contemporaneous with the events giving rise to shareholder litigation was subject to the corporation's shareholders' ability to show good cause that the privilege should not apply. *Garner*, 430 F.2d at 1103. The rationale for this good cause exception was that corporate management has a fiduciary duty to act for the benefit of the shareholders. *Id.* at 1101.

In my view, the Majority's consideration of *Garner* is premature, and it is not necessary to resolve the issue of whether *Garner* permits derivative plaintiffs to obtain discovery related to the underlying claims in responding to a motion to dismiss based on

---

[2] Section 7.13(c) provides for certain discovery at the motion to dismiss stage if the derivative plaintiff shows a material dispute over whether the board or committee followed the proper procedures in seeking dismissal of the derivative claims. *ALI Principles* § 7.13(c) (stating "if the plaintiff has demonstrated that a substantial issue exists whether the applicable standards of § 7.08, § 7.09, § 7.10, § 7.11, or § 7.12 have been satisfied and if the plaintiff is unable without undue hardship to obtain the information by other means . . . ."). Further, comment c to Section 7.13 indicates "Section 7.13(c) does not adopt the distinction made in some cases that permits discovery as to the independence of a litigation committee or the adequacy of its procedures, but precludes discovery as to the merits of the action." *ALI Principles* § 7.13 cmt. c. As outlined above, the *Cuker* Court prohibited discovery into the merits of the underlying action as long as the board satisfied the business judgment rule. Accordingly, this portion of comment c of the *ALI Principles* is inconsistent with Pennsylvania law. *See Cuker*, 692 A.2d at 1048.

the corporation's decision to follow the recommendation of an independent investigating committee. Instead, I would apply *Cuker* and hold that discovery into the underlying merits of the derivative claim is precluded at the motion to dismiss stage of derivative litigation.[3] Accordingly, the *Garner* good cause analysis cannot apply in this case, and I would wait for an appropriate case to decide whether Pennsylvania should recognize the *Garner* good cause exception.[4]

Further, the Majority frames its analysis as limited to the context of a motion to dismiss derivative litigation. *See* Majority Op. at 39. Because the *Garner* exception cannot apply in this context, the Majority's discussion of *Garner*'s viability in light of Pennsylvania's attorney-client privilege jurisprudence is unnecessary. *See id.* at 40-41 (concluding "the *ALI Principles* adopted by this Court in *Cuker*, and specifically Section 7.13(e) addressing attorney-client privilege in regard to motions to dismiss derivative actions, provide an appropriate framework for derivative litigation, making the subjective

---

[3] While it has no effect on this case, I note that during the pendency of this appeal, the General Assembly enacted 15 Pa.C.S. § 5783, effective February 21, 2017. Section 5783 "is intended to supersede those provisions of [the ALI Principles] §§ 7.03-7.10 and 7.13 that deal with the same subjects as this section." 15 Pa.C.S. § 5783 Committee Cmt. (2016). It provides that on a motion to dismiss a derivative action, "the court shall determine whether the members of the [independent investigating] committee met the qualifications required under subsection (c)(1) [disinterested committee members] and (2) [objectivity] and whether the committee conducted its investigation and made its recommendation in good faith, independently and with reasonable care." 15 Pa.C.S. § 5783(f)(3). If those criteria are met, "the court shall enforce the determination of the committee." This effectively codifies the business judgment rule as set forth in *Cuker*, and reaffirms that a court reviewing an investigating committee's recommendation to terminate derivative litigation should not inquire into the underlying claims.

[4] In addition, this case does not involve the requisite fiduciary relationship that underpins the *Garner* exception. The board members of a nonprofit corporation have a fiduciary duty to the corporation, but the corporation does not have a duty to act in the best interests of its board members. *See* 15 Pa.C.S. §§ 5712, 5717. Because the concerns justifying the *Garner* exception do not apply in this case, I would avoid making any broad proclamations adopting or rejecting *Garner*.

*Garner* factors unnecessary.") (footnote omitted). Therefore, I distance myself from the Majority's discussion of Pennsylvania's attorney-client privilege and its conclusion that *Garner* is inconsistent with our jurisprudence. *See id.* at 37-40.

Accordingly, I would reverse the portion of the Commonwealth Court opinion adopting the *Garner* good cause inquiry, but for reasons other than those expressed by the Majority.[5] Further, I join part V.D. of the Majority Opinion, affirming the Commonwealth Court's conclusion that the fiduciary duty and co-client exceptions to the attorney-client privilege do not apply to derivative actions.

Therefore, I join part V.D. of the Majority Opinion but dissent in all other respects.

Justice Todd joins this concurring and dissenting opinion.

---

[5] The Commonwealth Court also opined that the trial court's discovery order was overbroad, as it permitted discovery of all legal opinions submitted to the investigating committee. *Pittsburgh History & Landmarks Found.*, 161 A.3d 394, 410-11 (Pa. Cmwlth. 2017). The Commonwealth Court correctly noted that only the legal opinions submitted to the trial court to support the motion to dismiss must be disclosed. *Id.* at 411. Neither party to this appeal has sought review of that portion of the Commonwealth Court's opinion. Therefore, I would affirm that portion of the Commonwealth Court opinion and vacate the trial court's order to the contrary.